*726 OPINION.
Van Fossan:
An association is an unincorporated body of persons organized in the general form of a corporation and employing usual *727 corporate methods in carrying on a business for profit. See Lucas v. Extension Oil Co., 47 Fed. (2d) 65. Testing the petitioning organization by this formula, it will be noted that, though it bore some resemblance to a corporation in form, there are certain important departures. In a corporation the ultimate power of control is Tested in the stockholders, who act through their duly elected directors. In the' declaration before us all power of management is vested in self-perpetuating trustees, while the unitholders had no power of control. They had no power to appoint trustees nor could they remove a trustee if objectionable.
The power to initiate proceedings to terminate the trust is vested in the trustees subject only to approval by the unitholders. The trustees in the instant case were responsible for losses incurred in loans, and all transactions of whatever nature must have the unanimous approval of all the trustees. No meeting of unitholders is provided for or was ever held and the power to dispose of unithold-ings was limited. The unitholders had no power to compel dividends, the decision of the trustees being expressly made final. Thus it can scarcely be said that the declaration of trust created an organization similar in its fundamental respects to a corporation. The powers conferred on the trustees and the trust structure, as well as the rights of the beneficiaries thereof, much more closely resemble the usual trust than a corporation. Jackson-Wermich Trust, 24 B. T. A. 150,
Passing from the form of the organization to its operation, we find that the purposes of the same, as shown by its dealings, were the conservation of the income of the several estates represented and the financial accommodation of its unitholders. The making of money as evidenced by the payment of dividends and the accumulation of surplus was an incidental concomitant. Investment in the trust was actually limited to members of the Murphy family. Loans were likewise limited to members of that family or to family-controlled corporations. The operating expenses were all paid by the Murphy Family Trusts. That organization was limited to lineal decendants of Simon J. Murphy. True, the trustees invested the funds of the trust with a view to gaining an appropriate return, but such is the duty of every trustee. There is a basic distinction between such a return of interest on capital funds in the trustees’ hands and the income of a business carried on for profit. The trustees in the instant case never traded on the market or bought and sold securities for profit. They bought securities solely for investment. Their investment of funds no more resembled a business for profit than does the normal investment by testamentary trustees. See Gardiner v. United States, 49 Fed. (2d) 992.
Similarly, the making of secured loans to members of the Murphy family was a corollary of the investment policy. This policy was *728 pursued not primarily to make money for the trust, but to accommodate the cestuis. All loans were conservatively made on collateral and usually at an interest rate of 5 per cent.
Considering all of the evidence before us, both as to form and actual operation, we are of the opinion that Murphy Personal Property Trust was a trust and not an association. It should be taxed accordingly.
Reviewed by the Board.

Decision will he entered under Bule 50.